**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-3553

ZOOMINFO TECHNOLOGIES LLC, a Delaware limited liability company,

    Plaintiff,

v.

CARPEDATUM, LLC, a Colorado limited liability company,

    Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ZoomInfo Technologies LLC ("ZoomInfo"), for its complaint against CarpeDatum, LLC ("CarpeDatum"), alleges as follows:

**INTRODUCTION**

ZoomInfo curates a highly accurate database of information used by businesses worldwide in connection with their business-to-business sales, marketing, and recruiting. ZoomInfo invests millions of dollars annually to build and maintain its database and associated intellectual property and to constantly verify, update, and expand upon the information it provides to customers. To use this database, ZoomInfo's customers pay tens and sometimes hundreds of thousands of dollars in subscription fees. The success of ZoomInfo's business model depends on a customer's faith on the continued availability—and exclusivity—of ZoomInfo's database.

Instead of paying for a subscription like other customers, CarpeDatum gained unauthorized access to ZoomInfo's database for years, thereby improperly acquiring and gaining knowledge of

the data contained therein.  CarpeDatum then used this improperly acquired data to market and promote its products and services.  ZoomInfo therefore brings this suit to protect its highly valuable intellectual property, recover its damages, and ensure fairness for itself and for its customers.

## PARTIES

1. ZoomInfo is a Delaware limited liability company.  Its principal place of business is located in Vancouver, Washington.

2. CarpeDatum is a Colorado limited liability company.  Its principal place of business is located in Aurora, Colorado.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over CarpeDatum because CarpeDatum is a Colorado limited liability company.  Venue is proper in this district because a substantial part of the events and omissions giving rise to this action occurred in this district.  28 U.S.C. § 1391(b)(2).

## FACTS AND ALLEGATIONS

**A.  ZoomInfo's Platform.**

5. ZoomInfo provides business-to-business marketing data including business contact data, firmographic information, and other competitive intelligence.  It delivers this data to paying subscribers via a password-secured, online graphical user interface.  ZoomInfo's subscribers gain access to its database of marketing information profiling businesses in the United States and across

the globe. ZoomInfo has been recognized as an industry leader in sales and marketing intelligence. The depth, breadth, and accuracy of ZoomInfo's database is unrivaled in the marketplace.

6. ZoomInfo has invested, and continues to invest, tens of millions of dollars to develop and maintain the infrastructure, content, and quality of its database. To deliver timely and comprehensive data to ZoomInfo's clients, ZoomInfo employs hundreds of research analysts focused on building, managing, and updating ZoomInfo's database. ZoomInfo expends substantial labor, time, and resources to collect, organize, and disseminate the information in its database. In total, ZoomInfo employs thousands of people, and has made significant investment in developing and purchasing software, hardware, and other equipment to continuously update and support the accuracy and comprehensiveness of its database. ZoomInfo's database displays the selection, arrangement, orchestration, compilation, and presentation of the organizational charts, contacts, and other information collected and assembled by ZoomInfo's analysts.

7. ZoomInfo licenses access to its database to thousands of companies. ZoomInfo's database is valuable to companies like CarpeDatum because they use the detailed information collected by ZoomInfo to market their own products and services.

8. Indeed, CarpeDatum was a customer until December 2019.

9. The database's value depends on its exclusivity. To protect the database's value, ZoomInfo has implemented reasonable security measures. For example, access to ZoomInfo's database requires a password, and only users that have signed restrictive license agreements receive this password. ZoomInfo also uses mail monitoring and list protection to secure the integrity of its database.

### B. CarpeDatum's Wrongful Conduct.

9. Instead of acquiring a license from ZoomInfo to access the proprietary and confidential subscriber-only portions of the platform, CarpeDatum gained unauthorized access to ZoomInfo's proprietary information by using login credentials issued to existing ZoomInfo customers. CarpeDatum thus acquired and gained knowledge of ZoomInfo's proprietary data without using proper means. CarpeDatum then used this improperly acquired data to market and promote its products and services. This conduct presents a critical threat to ZoomInfo: if everyone did what CarpeDatum has done, ZoomInfo could not survive as a business, and the resource ZoomInfo provides to its customers would be completely lost. Through its actions, CarpeDatum sought to enjoy a "free ride" off of the license fees paid by ZoomInfo's legitimate customers.

10. Beginning in February 2020, CarpeDatum gained unauthorized access to ZoomInfo's database. CarpeDatum's own managing partner has conducted downloads of ZoomInfo data using logins from another customer's account. These actions allowed CarpeDatum to acquire and gain knowledge of ZoomInfo's proprietary database using improper means. On information and belief, CarpeDatum used and continues to use the improperly acquired data to market and promote its products and services.

11. CarpeDatum acted knowingly, intentionally, and willfully in accessing and using ZoomInfo's proprietary information without authorization and without compensating ZoomInfo. CarpeDatum knew that its actions were unauthorized because it was a customer until December 2019. CarpeDatum therefore intentionally and wrongfully profited from its unauthorized use of ZoomInfo's proprietary information, including, but not limited to, by reducing the time, effort, and

expense associated with identifying and contacting potential new customers and business opportunities.

12. CarpeDatum knew that ZoomInfo's data was confidential and proprietary and subject to restrictive license agreements. Even so, CarpeDatum knowingly accessed and acquired knowledge of ZoomInfo's data without any license or authorization to do so. On information and belief, CarpeDatum took these actions to profit from ZoomInfo's data without paying ZoomInfo.

13. At all relevant times, CarpeDatum had a duty to train and supervise the conduct of its employees and agents acting on its behalf. CarpeDatum breached this duty in two ways:

(a) by failing to train and monitor its employees and agents adequately; and

(b) by failing to have appropriate policies in place regarding unauthorized access to computer systems, communication, storage networks, and copyrighted works and trade secrets, and/or failing to enforce such policies.

14. On information and belief, all of CarpeDatum's alleged actions here were performed by employees or other agents of CarpeDatum within the scope of their employment or other agency relationship with CarpeDatum, on CarpeDatum's behalf, and for CarpeDatum's benefit.

**FIRST CLAIM FOR RELIEF**
**(Theft of Trade Secrets – 18 U.S.C. § 1832, et seq.)**

15. ZoomInfo incorporates herein by reference the allegations in paragraphs 1 through 14.

16. ZoomInfo gathers, organizes, generates, collects, and assembles in-depth, commercially valuable information (including reporting structures, contact information, and other data), expending substantial time, labor, and expense to do so. ZoomInfo's database and the

5

information contained therein comprise a compilation of business information. This information is used in interstate commerce.

17. The compilation of information in ZoomInfo's database derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, those who are not licensed by ZoomInfo to access the database. Specifically, ZoomInfo works as a subscriber-based platform; to gain access to ZoomInfo's collection of information, subscribers must pay a fee. Therefore, ZoomInfo's very business model depends on the secrecy and independent value of its information. If subscribers could get ZoomInfo's information elsewhere for free or by paying less, they would. Non-licensees, such as CarpeDatum, obtain economic value from the acquisition, disclosure, or use of the information in ZoomInfo's database.

18. ZoomInfo has taken reasonable measures to protect and keep the information in its database secret. These measures include limiting access to those customers who agree to the terms of access in the licensing agreement, and requiring password authentication to access the database through its secure online portal. ZoomInfo also monitors access to the database and use of the information to further ensure its security.

19. CarpeDatum used improper means, including theft, to obtain access to, and acquire information from, ZoomInfo's database. CarpeDatum knew, or had reason to know, at the time it obtained and at the times it used ZoomInfo's information, that this information was obtained from persons or entities owing ZoomInfo a duty to maintain its secrecy.

20. CarpeDatum received and possessed information from ZoomInfo's proprietary database that CarpeDatum knew to have been converted without authorization.

21. CarpeDatum willfully and maliciously misappropriated ZoomInfo's trade secrets by acquiring and using the information contained in ZoomInfo's proprietary computer systems for CarpeDatum's financial gain without authorization.

22. CarpeDatum's actions have damaged ZoomInfo through the lost opportunity to realize licensing revenue and the diminution of the market value of its proprietary information. On information and belief, CarpeDatum has been unjustly enriched by the use of valuable marketing and sales information without paying compensation, and through the consummation of business transactions that would not have occurred without use of the stolen information. ZoomInfo would, in the alternative, be entitled to a reasonable royalty for CarpeDatum's use of the information.

23. CarpeDatum is liable to ZoomInfo for damages for ZoomInfo's actual losses and CarpeDatum's unjust enrichment, in an amount to be proven at trial, or for a reasonable royalty pursuant to 18 U.S.C. § 1836(b)(3)(B). ZoomInfo is entitled to an injunction preventing CarpeDatum from continuing to acquire, possess, or use information obtained from ZoomInfo's database, or requiring CarpeDatum to pay a reasonable royalty for future acquisition or use. Finally, ZoomInfo is entitled to exemplary damages under 18 U.S.C. § 1836(b)(3)(C), and to its reasonable attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).

## SECOND CLAIM FOR RELIEF
**(Misappropriation of Trade Secrets – C.R.S. § 7-74-102)**

24. ZoomInfo incorporates herein by reference the allegations in paragraphs 1 through 23.

25. CarpeDatum is liable to ZoomInfo for damages for ZoomInfo's actual losses and CarpeDatum's unjust enrichment, in an amount to be proven at trial. ZoomInfo is entitled to an

injunction preventing CarpeDatum from continuing to acquire, possess, or use information obtained from ZoomInfo's database, or requiring CarpeDatum to pay a reasonable royalty for future use.  Finally, because CarpeDatum's misappropriation was attended by circumstances of fraud, malice, or a willful and wanton disregard of the ZoomInfo's right and feelings, ZoomInfo is entitled to exemplary damages under C.R.S. § 7-74-104(2)

### THIRD CLAIM FOR RELIEF
(Misappropriation of Confidential Information)

26. ZoomInfo incorporates herein by reference the allegations in paragraphs 1 through 25.

27. ZoomInfo gathers, organizes, generates, collects, and assembles in-depth, commercially valuable confidential and proprietary information (including reporting structures, contact information, and other data), expending substantial time, labor, and expense to do so.

28. CarpeDatum intentionally and without permission acquired and used confidential information from ZoomInfo's database.  CarpeDatum has taken a "free ride" on ZoomInfo's skill, labor, and costly and substantial efforts in creating and securing its commercially valuable database.

29. ZoomInfo has lost profits and suffered the diminution of the market value of its database because of CarpeDatum's actions.  As a result, CarpeDatum is liable to ZoomInfo for compensatory damages including wrongfully derived revenues in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
(Circumvention of Copyright Protection Systems
17 U.S.C. §§ 1201, 1203)

30. ZoomInfo incorporates herein by reference the allegations in paragraphs 1 through 29.

31. ZoomInfo's database is an original work of authorship containing copyrightable subject matter for which copyright protection exists under the Copyright Act. ZoomInfo has filed for copyright registration with the United States Copyright Office in compliance with 17 U.S.C. § 101 *et seq*. ZoomInfo's copyright was registered December 27, 2010, with registration number TX0007487999.

32. ZoomInfo employs technical measures including password protection, mail monitoring, and list protection to protect its copyrighted works. These works include its database, business intelligence reports, and supporting infrastructure, which effectively control access to these works.

33. CarpeDatum, through its unauthorized use of access and login credentials, circumvented these measures to access and use ZoomInfo's copyrighted works.

34. As a direct and proximate result of the foregoing acts, ZoomInfo has been, and will continue to be, harmed. ZoomInfo is entitled to its actual damages, in addition to any of CarpeDatum profits attributable to its conduct under 17 U.S.C. § 1201(c)(1)-(2). In the alternative, ZoomInfo is entitled to statutory damages under 17 U.S.C. § 1201(c)(3). ZoomInfo is also entitled to its reasonable attorneys' fees and costs under 17 U.S.C. § 1203(b)(4)-(5).

## FIFTH CLAIM FOR RELIEF
**(Negligence)**

35. ZoomInfo incorporates herein by reference the allegations in paragraphs 1 through 34.

36. At all relevant times, CarpeDatum had a duty to take reasonable care in training and supervising its employees and other agents acting on its behalf.

37. CarpeDatum breached this duty in two ways: (1) by failing to train and supervise its employees regarding basic data security obligations; and (2) by allowing its employees to participate in the unlawful conduct alleged above. A reasonable entity would have implemented and enforced a policy banning this kind of conduct. CarpeDatum failed to do so.

38. It is foreseeable that the failure to train and supervise employees and other agents about appropriate methods for obtaining sales and marketing information for the benefit of CarpeDatum would harm ZoomInfo.

39. As a direct and proximate cause of CarpeDatum's negligence, ZoomInfo lost profits. CarpeDatum's negligence also reduced the market value of ZoomInfo's database. CarpeDatum is therefore liable to ZoomInfo for compensatory damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, ZoomInfo prays for the following relief:

1. Entry of judgment in its favor and against CarpeDatum on all counts;

2. A declaration that CarpeDatum's unlawful conduct was willful and knowing;

3. As to its First Claim for Relief, ZoomInfo's actual damages, restitution for CarpeDatum's unjust enrichment, or a reasonable royalty, in an amount to be proven at trial;

4. As to its Second Claim for Relief, ZoomInfo's actual damages, restitution for CarpeDatum's unjust enrichment, or a reasonable royalty, in an amount to be proven at trial;

5. As to its Third Claim for Relief, compensatory damages in an amount to be proven at trial;

6. As to its Fourth Claim for Relief, actual damages in an amount to be proven at trial, or statutory damages as provided for by 17 U.S.C. § 1201(c)(3);

7. As to its Fifth Claim for Relief, compensatory damages in an amount to be proven at trial;

8. An award of exemplary damages for CarpeDatum's willful and knowing misappropriation;

9. Immediate and permanent injunctive relief enjoining CarpeDatum from using ZoomInfo's trade secrets, copyrighted materials, and misappropriated products and services, or requiring CarpeDatum to pay a reasonable royalty for future use;

10. An award of ZoomInfo's costs of suit, including the costs of experts and reasonable attorneys' fees as permitted by law, including 18 U.S.C. § 1836(b)(3)(D), C.R.S. § 7-74-105, and 17 U.S.C. §§ 1203(b)(4)-(5); and

11. An award of pre- and post-judgment interest; and such other relief as the Court may deem just and equitable.

DATED: December 2, 2020

Respectfully submitted,

FORTIS LAW PARTNERS LLC

*s/ Henry M. Baskerville*
Henry M. Baskerville, Atty. Reg. #49431
Fortis Law Partners LLC
1900 Wazee Street, Suite 300
Denver, CO 80202
Phone: (303) 295-9700
Fax: (303) 295-9701
hbaskerville@fortislawpartners.com
*Attorneys for Plaintiff*